## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSUF IBRAHIM, | |
| Plaintiff, | Civil Action No. 19-5021 (BRM) |
| v. | **MEMORANDUM AND ORDER** |
| DOCTOR FLORA DEFILIPPO, et al., | |
| Defendants. | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Yusuf Ibrahim ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, upon the filing of a civil rights complaint, filed pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-2), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has screened the Complaint in this action for dismissal and has determined it shall proceed. However, Plaintiff's claims against Administrators Bruce Davis, Amy Emrich and David Richards for unsanitary living conditions, and Davis, Emrich, Richards and Dr. Nuwochocco for "receding gums," shall be dismissed as he has not alleged facts to suggest any of the defendants were

personally involved in said violations.[1] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").

Accordingly, and for good cause appearing,

**IT IS** on this 4th day of March 2019,

**ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1-2) is **GRANTED**; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and the warden of New Jersey State Prison in Trenton, New Jersey; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are

---

[1] Plaintiff makes generalized statements, *i.e.* "Administrators Bruce Davis, Amy Emrich and David Richards all acted under color of law" and "Administrators Bruce Davis, Amy Emrich, David Richards and head of medical Dr. Nuwochocco are responsible," but he provides no further information as to their involvement.

two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's claims against Administrators Bruce Davis, Amy Emrich, David Richards and head of medical Dr. Nuwochocco for unsanitary living conditions and receding gums are **DISMISSED WITHOUT PREJUDICE**; all other claims shall **PROCEED** at this time; to the extent Plaintiff wishes to file an amended complaint to address the deficiencies identified herein, he may seek leave to do so through a properly filed motion which complies with all federal and local rules; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
