# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSUF IBRAHIM,<br>                Plaintiff,<br>v.<br>DOCTOR FLORA DEFILIPPO, *et al.*,<br>                Defendants. | Case No. 19-cv-5021-BRM-TJB<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. (ECF No. 11.) Plaintiff, classified as a high risk inmate, seeks an order that (1) removes him from administrative segregation and places him into a single cell and (2) frees him from retaliation he alleges is being caused by prison and medical staff, such as failure to administer treatment and placement in a cell that subjected him to attacks and unwanted advances. (*Id. See also* Pl. Reply (ECF No. 31).) Defendants Piepro Cupo and Mervin Ganesh (the "DOC Defendants") and defendants Dr. Flora DiFilippo, Scott Hornberger, Emma Bushong, and Diana Schmidt (the "Mental Health Defendants") oppose the motion. (ECF Nos. 13, 25.)

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994). In order to obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are

1

relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. Additionally, in cases implicating the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq.*, courts must consider the requirements imposed by 18 U.S.C. § 3626. Section 3626(a)(1)(A) provides that a court shall not grant or impose any prospective relief unless: (1) such relief is narrowly drawn; (2) the relief extends no further than necessary to correct the violation of the federal right; (3) the relief is the least intrusive means necessary to correct the violation of the federal right; and (4) substantial weight has been given to any adverse impact on public safety or the operation of a criminal justice system that might be caused by the relief.

Plaintiff has not demonstrated a reasonable probability of eventual success in the litigation. The Commissioner of the Department of Corrections has complete discretion in determining an inmate's place of confinement, their classification, and what privileges they will receive. *Smith v. New Jersey Dept. of Corrections*, 786 A.2d 165, 168 (N.J. Super. App. Div. 2001) (citing N.J. Stat. Ann. §§ 30:1B-6; 30:4-91.1; 30:4-91.2); *see also* N.J.A.C. §§ 10A:9-3.1, -3.3(a) (noting that the Institutional Classification Committee at each correctional facility is responsible for the imposition of an administrative segregation sanction); *Hluchan v. Fauver*, 480 F. Supp. 103, 108 (D.N.J. 1979) (observing that inmates have no liberty right to be assigned to a particular custody level); "Basic to the resolution of any proceeding seeking review of prison administrative action is the legal principle that courts will not interfere with the internal administration of the institution,

absent action by the prison authorities which deprives an inmate of his constitutional rights or is clearly capricious or arbitrary." *State v. Rydzewski*, 271 A.2d 907, 910 (N.J. Super. App. Div. 1970).

Plaintiff's challenges to his placement do not constitute a deprivation of a constitutional right nor do they allege action by the DOC Defendants that is clearly capricious or arbitrary. Moreover, as to the Mental Health Defendants, it does not appear from the record that they are responsible for his placement, *Smith*, 786 A.2d at 168; 168 N.J.A.C. §§ 10A:9-3.1, -3.3(a), or that they have stopped treating him (Cert. of Melissa M. Dettore Lane (ECF No. 25-1)). In opposition to the motion, the Mental Health Defendants certified nearly 200 pages of records evidencing Plaintiff's continued treatment. (ECF No. 25-1.) Even reading Plaintiff's allegations in a light most favorable to him, this Court cannot find in Plaintiff's favor with respect to the first threshold factor: a reasonable probability of eventual success in the litigation. *Reilly*, 858 F.3d at 176. Having reviewed Plaintiff's motions and the papers filed in connection therewith, the Court "will not interfere with the internal administration of the institution." *Rydzewski*, 271 A.2d at 910.

Accordingly, and for good cause appearing,

**IT IS** on this 26th day of November 2019,

**ORDERED** that Plaintiff's Motion (ECF No. 11) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**